9 N.J. Super. 65 (1950)
74 A.2d 602
DOROTHY J. ACKER, ADMINISTRATRIX OF THE ESTATE OF ROBERT E. ACKER, DECEASED, PLAINTIFF-RESPONDENT,
v.
JOSEPH SKROTSKY, TRADING AS METRO PRINTING SERVICE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 26, 1950.
Decided July 20, 1950.
*67 Before Judges McGEEHAN, COLIE and EASTWOOD.
Mr. Charles W. Kappes, Jr., argued the cause for appellant (Messrs. Riker, Emery & Danzig, attorneys).
Mr. Henry F. Schenk argued the cause for respondent.
The opinion of the court was delivered by COLIE, J.A.D.
This appeal brings up a judgment of the Superior Court, Chancery Division, directing Joseph Skrotsky to account to the plaintiff as administratrix of the estate of Robert E. Acker for half of the net value of the partnership as of the date of the latter's death, and for one-half of the net profits from the partnership thereafter, and holding that the proceeds of a certain life insurance policy did not constitute payment in full or part of the decedent's interest in the partnership and further that a settlement agreement alleged to have been entered into between Dorothy J. Acker and the defendant is unenforceable against the estate of Robert E. Acker and by Paragraph 6 directing "That Dorothy J. *68 Acker, in her individual capacity account for and repay such sums belonging to the partnership as she received or took possession of, with interest thereon at six per cent per annum, and upon her failure so to do, her distributive share in the estate of Robert E. Acker, deceased, shall be charged therewith."
Robert E. Acker died intestate on October 5, 1947. Prior to that date he conducted a business known as Metro Printing Service, having associated with him as a partner, Joseph Skrotsky. The partnership paid the premiums for a $10,000 life insurance policy on each partner. The proceeds of the policy, in this case, were payable $7,000 to decedent's widow and $1,000 to each of his two children, the remaining $1,000 to the surviving partner. The amended complaint of Dorothy J. Acker as administratrix of the estate of Robert E. Acker, sought a judgment requiring the defendant to account and pay over to the estate of Robert E. Acker, its share of the assets of the business and to account for and pay over its share of the profits from said business. The defendant answered setting up as a first defense that the sum of $9,000 received from the proceeds of the insurance policy represented payment of all claims to the assets of the partnership, and also set up a second defense alleging that in November, 1947, a settlement was reached between Dorothy J. Acker and Joseph Skrotsky, which settlement was a full and complete accord and satisfaction, but that the plaintiff had refused to carry out said agreement. By counterclaim, Skrotsky sought to have Dorothy J. Acker, individually and as administratrix, account and pay over to him his share of a certain bank account in the amount of $1,790 withdrawn by Dorothy J. Acker individually, and also account and pay over to him his share in another account in the amount of $1,683. The pretrial order limited the issues as follows: (1) Should the second defense of accord and satisfaction be struck; (2) if it should not, then was there an accord and satisfaction; (3) did the proceeds of the insurance policies represent payment in full of Acker's interest in the partnership; (4) if not, *69 what was the share of his estate in the partnership assets and profits. At the trial, a former partner testified that in 1941 when the policies were written, the purpose was to provide security for the family of a deceased partner and as a "sort of relinquishment" of any claims against the partnership or the company. He terminated his interest in 1942 and there is no need for citation of authority for the proposition that when one partner drops out, it results in a dissolution of the partnership. What transpired in 1941 with reference to the partnership of Acker, Seymour and Skrotsky has little evidential value as to the arrangement between Acker and Skrotsky, the sole partners after the withdrawal of Seymour in 1942. The court below found as a fact that there was no agreement that the insurance was to be payment for decedent's interest in the partnership. Our independent review of the evidence leads to the same conclusion.
It is next argued that in November, 1947, Dorothy J. Acker and the defendant met with their respective counsel and a conference was had to work out a settlement. Appellant relies upon the doctrine of relation back of her appointment as administratrix in August, 1948, to the settlement negotiations nine months earlier. Apparently such an agreement was tentatively reached but never consummated. At that time Dorothy J. Acker had not been appointed administratrix of the estate nor was she for nine months after the settlement conference. Dorothy J. Acker at that time had no authority to act for the estate and was at the time acting in her individual capacity.
There is a compelling reason why the doctrine of relation back should not be applied. It is a legal fiction designed to prevent injustice and if it were to be applied in this case the result would be to defeat the very purpose of the rule. The tentative agreement placed a value upon the partnership business of $23,973 and required credit to be given against the one-half thereof to which the estate was entitled of approximately one-half of the $9,000 insurance moneys paid to the individual beneficiaries. The payments to the individual *70 beneficiaries of the insurance policies had nothing to do with the division of the partnership assets. The tentative agreement was adverse to the interests of the estate and to enforce it would work an injustice. Cf. Kleiner v. Kleiner, 139 N.J. Eq. 26 (Ch. 1946).
Appellant objects to the wording of the judgment ordering accounting of the "net value" of the partnership, arguing that it should be "net liquidating value." This objection seems premature and cannot properly be raised prior to an accounting of the partnership assets.
It is argued by both parties that the provision of paragraph 6 of the judgment is error. Paragraph 6 quoted above is erroneous. Not only is the plaintiff individually not a party to the action, but the administration of the estate is not before the court and it is without jurisdiction.
The judgment as modified is affirmed.