17 N.J. Super. 27 (1951)
85 A.2d 277
DOROTHY J. ACKER, ADMINISTRATRIX, ETC., PLAINTIFF-APPELLANT,
v.
JOSEPH SKROTSKY, ETC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 26, 1951.
Decided December 26, 1951.
*28 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Henry F. Schenk argued the cause for the appellant.
Mr. Charles W. Kappes, Jr., argued the cause for the respondent (Messrs. Riker, Emery & Danzig, attorneys).
PER CURIAM.
Plaintiff appeals from two orders of the Chancery Division.
The plaintiff is administrator of assets within the State of New Jersey, late of Robert E. Acker, deceased. Her intestate *29 and the defendant were partners in an enterprise known as Metro Printing Service. The partnership was dissolved by Acker's death four years ago, and it thereupon became Skrotsky's duty to wind up the business and account to Acker's personal representative. Plaintiff was appointed administratrix in August, 1948, and began this action a month later. Skrotsky answered and counterclaimed against Miss Acker individually, alleging that funds of the partnership had come into her hands and demanding that she account. Interlocutory judgment that both defendant and Miss Acker account was entered in March, 1950. But the Appellate Division (9 N.J. Super. 65), while affirming the decree against defendant, reversed the decree that Miss Acker account, on the ground that she was not a party. She is a resident of New York and we assume that she had not been served with process or answered the counterclaim, or entered an appearance thereon.
After the mandate was received by the Chancery Division, an order was made, dated May 11, 1951, that the action be stayed until such time as Miss Acker appear as a party. That is the first order appealed from.
The defendant is accountable to Miss Acker as administratrix for one-half of the assets of the partnership; she individually is accountable to him for part of the same assets. Both accounts should be settled in the same action. While it is probable that the balance on one account cannot be set off against the balance on the other, it is equally probable that the Chancery Division will be able to devise some method so that whatever Miss Acker owes defendant will be made available on account of his debt to the estate. Rule 3:21 permits parties to be added at any stage of the cause. We are satisfied that there was sufficient ground for making Miss Acker a party. But, because of her non-residence, she cannot be served with process. So the stay holds the action until she voluntarily appears. The order will be affirmed.
The other order from which an appeal is taken denied plaintiff's motion for the appointment of a receiver of the *30 assets of the partnership. This is an interlocutory order which is not appealable unless it comes within some of the provisions of Rule 4:2-2. Appellant argues that the appeal is necessary to preserve the res and prevent irreparable mischief and is therefore appealable. The same argument could be made with equal plausibility in respect to all orders refusing appointment of a receiver. The rule expressly provides an appeal from an order appointing a receiver, and so by implication excludes an appeal from a refusal to appoint, unless for reasons peculiar to the particular case.
We consider the order not appealable and therefore dismiss this branch of the appeal.